**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ARTIS C. CARROLL, JR.** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 16-1406** |
| | : | |
| **MILLERSVILLE UNIVERSITY OF PA,** *et al.* | : | |
| | : | |

# MEMORANDUM

**KEARNEY, J.**                                                                                               **January 27, 2021**

Artis C. Carroll, Jr. began *pro se* suing Millersville University and its officials almost five years ago relating to his Fall 2014 grades. He has not progressed beyond the pleadings due to his delay. After addressing motions to dismiss from all other defendants, we are aware of one last unserved Defendant Elaine Chrissos. Ms. Chrissos now moves to dismiss for insufficiency of process, among other reasons. It appears Mr. Carroll, proceeding *pro se*, provided the United States Marshal with a business address at Millersville University which he knows is not Ms. Chrissos's address. Mr. Carroll admittedly knows her correct address as he identified it in his second amended Complaint. We cannot proceed against Ms. Chrissos without proper service. Mr. Carroll offers no good cause whatsoever to explain why he has not given the United States Marshal the correct address for service nor has he responded to the Motion to dismiss after we provided him several weeks to do so. We must grant Defendant Chrissos's Motion to dismiss for insufficiency of process without prejudice to Mr. Carroll possibly moving to amend to add her and appropriately serve her at the correct address on a claim not already dismissed in this case and which could relate back to his timely filed claims. It is time for Mr. Carroll to now begin discovery on his remaining claims against the two remaining Defendants affiliated with Millersville University.

**I.      Background**

      **A.      Alleged *pro se* facts**

Millersville University accepted African American Artis C. Carroll, Jr. as a student in July 2011.[1] Mr. Carroll changed his major in Fall 2012 from Biology to Allied Health Respiratory Therapy where he maintained at least a 2.0 grade point average.[2] His new major included participating in the Millersville University Respiratory Therapy Program which provided the clinical aspect of the academic program.[3] Elaine Chrissos served as the Program's Director.[4]

During the Fall 2014 semester, Mr. Carroll enrolled in six clinical classes.[5] In late September 2014, shortly after the Fall 2014 semester began, Program Director Chrissos and Assistant Director Jarrod Harleman made racist jokes towards Mr. Carroll and gave him the middle finger.[6] Mr. Carroll reported this behavior to University Professor Dr. John Hoover and Dean of the Math and Science Department Dr. Robert Smith.[7] Mr. Carroll then filed two formal complaints to the University's Executive Director of Human Resources in mid-October 2014. The first complaint addressed alleged discrimination from Director Chrissos and Assistant Director Harleman.[8] The second complaint alleged Dr. Chrissos failed to follow the Program grading scale and denied Mr. Carroll access to his student records.[9]

Director Chrissos and Assistant Director Harleman told Mr. Carroll in December 2014 "he will be subjected to [d]ismissal before final grades are posted with the University Registrar."[10] Mr. Carroll appealed this dismissal to a panel. He argued Director Chrissos failed to follow the Program's grading scale and prematurely dismissed him from the Program by not placing him on probation.[11] The panel affirmed Mr. Carroll's dismissal.[12]

The University released Fall 2014 grades later in December 2014. Mr. Carroll received a D-minus in Respiratory Assessment, and a D-minus in Therapeutic Care and Clinical Practice 1.[13]

Mr. Carroll alleges he should have received a C in at least one of the courses. He argues his lower grade resulted from Director Chrissos's failure to follow the Student Handbook's grading scale.[14] Mr. Carroll argues Director Chrissos intentionally lowered his grade to dismiss him from the Program and altered his letter grade from a D to a D-minus to mask her dismissal of Mr. Carroll from the program without first placing him on probation.[15] Mr. Carroll "notic[ed]" the grade changes when the University's Registrar posted semester grades.[16]

Mr. Carroll contested the D-minus grade to Dean Smith. Dean Smith replied to Mr. Carroll by attaching the three-step grade appeal procedure.[17] Mr. Carroll claims he met the first step of the procedure by speaking with Director Chrissos and Assistant Director Harleman at the clinic and asking to see his student records.[18] He alleges Director Chrissos refused to speak to him and security escorted him out of the facility.[19] Mr. Carroll claims to have met the second step by visiting with Professor Hoover, Chairman of the Biology Department, who assured Mr. Carroll as to the correct grades.[20] Mr. Carroll claims to have met the third step by filing a written appeal with Dean Smith.[21] Dean Smith denied Mr. Carroll's appeal and assured him the "Fall 2014 final grades are fair and correct."[22] The University dismissed Mr. Carroll from the Program, but he remained a student on track to graduate with a degree in Liberal Arts in December 2015.[23]

Mr. Carroll sued Lancaster County and Millersville University in March 2016.[24] Mr. Carroll alleged racial discrimination; his instructors denied him access to his student records; the University suspended him without a hearing; and University officers unlawfully arrested him.[25] Mr. Carroll alleged violations of the First, Fifth, Sixth, and Fourteenth Amendments, The Family Educational Rights and Privacy Act (FERPA), fraud, false imprisonment, defamation, and discrimination.[26] Judge Stengel dismissed Carroll's claims against Lancaster County under 28

3

U.S.C. § 1915(e) and ordered service on the University.[27] The University waived service in February 2017.[28]

The University moved to dismiss in April 2017.[29] Judge Stengel allowed Mr. Carroll the opportunity to file a second amended complaint.[30] Judge Stengel informed Mr. Carroll this second amended complaint would be the last amended complaint.[31] Chief Judge Sanchez reassigned the case to us.[32] We gave Mr. Carroll another extension to file his second amended complaint.[33] Mr. Carroll failed to file the second amended complaint by our deadline and the University moved to dismiss.[34] We denied the University's motion to dismiss and gave Mr. Carroll one "last chance" to file a second amended complaint.[35] We placed the case on suspense while Mr. Carroll appealed a separate issue relating to counsel representation.[36] Our Court of Appeals dismissed Mr. Carroll's appeal.[37] After we gave Mr. Carroll his fourth "last chance," he filed his second amended complaint in May 2019.[38]

Mr. Carroll sued the same thirteen Defendants from the first amended complaint and adds twelve new Defendants. He sued Director Chrissos for depriving him of due process and breach of contract (being the Student or Program Handbook). But he needed to serve process on Director Chrissos to begin proceeding against her.

We dismissed almost all claims against served parties in a series of Orders supported by detailed opinions.[39] We specifically found Mr. Carroll failed to state a claim for breach of contract because the Program's Student Handbook is not a contract.[40]

We also found Mr. Carroll could proceed on a due process claim against Director Austin and Vice President Richardson. Mr. Carroll adequately plead a due process claim against Director Austin and Vice President Richardson because these two school officials did not satisfy the minimum level of due process as defined in *Goss v. Lopez*[41] and *Matthews v. Eldridge*.[42] Director

4

Austin and Vice President Richardson did not properly recite the standard for qualified immunity against Mr. Carroll's due process claim.[43] And we determined *Heck v. Humphrey* would not bar Mr. Carroll's due process claim because his success in the Section 1983 civil suit would not necessarily imply the invalidity of his defiant trespass conviction.[44]

Mr. Carroll first identified Director Chrissos in the May 6, 2019 Amended Complaint.[45] He identified her new address at UPMC Pinnacle not Millersville University. Her business is not near Millersville University. The Clerk of Court issued summons to the Marshals for service upon Director Chrissos on May 7, 2019. The Marshals returned the summons as unexecuted on August 30, 2019 because Mr. Carroll did not return the required USM 285 forms needed for service.[46] After a show cause Order,[47] we directed summons issued to the Marshals again and put Mr. Carroll on notice he had to return the USM 285 forms.[48] The Clerk of Court re-issued the summons for Director Chrissos on September 24, 2019 and forwarded to the Marshals for service. The Marshals filed a return of executed service upon Director Chrissos on June 24, 2020 indicating service had been accepted on behalf of Elaine Chrissos on October 18, 2019 by police chief Peter Anders at Millersville University.[49]

On November 2, 2020, we issued a no answer letter as to Director Chrissos requiring her respond no later than November 12, 2020 or Mr. Carroll had to seek default no later than November 23, 2020.[50] Counsel entered his appearance for Director Chrissos by mid-November 2020.[51] On December 4, 2020, Director Chrissos moved to dismiss arguing, among other things, Mr. Carroll failed to timely serve her.[52]

**II.    Analysis**

Mr. Carroll sues Director Chrissos for depriving him of due process when she dismissed him from the Program without a meeting or hearing and for breach of the student handbook.[53]

Director Chrissos moves to dismiss arguing, among other things, Mr. Carroll failed to sufficiently serve her with process.[54] We are guided by our Court of Appeals to be flexible with procedural rules for *pro se* litigants when they allege a valid substantive claim.[55] But Mr. Carroll has never explained why he has not served Director Chrissos. He failed to demonstrate good cause for failing to timely serve Director Chrissos. We must dismiss his claims against Director Chrissos for failure of service.

There is no dispute Mr. Carroll did not serve Director Chrissos at her known business address within the Rule 4(m) deadline. He instead served her at Millersville University.

Rule 4(m) contains a "good cause" provision for a plaintiff who fails to timely serve a defendant.[56] Our Court of Appeals directs, "[a] District Court must extend the time for service, however, where a plaintiff demonstrates good cause for the failure to timely serve the defendant."[57] Our Court of Appeals further instructs, "[e]ven if a plaintiff fails to show good cause, the District Court must still consider whether any additional factors warrant a discretionary extension of time."[58] When evaluating whether good cause exists under Rule 4(m), our Court of Appeals requires we consider "three factors . . . (1) reasonableness of plaintiff's efforts to serve[;] (2) prejudice to the defendant by lack of timely service[;] and (3) whether plaintiff moved for an enlargement of time to serve."[59]

Director Chrissos argues Mr. Carroll did not meet the service requirement of Federal Rule of Civil Procedure 4.[60] Director Chrissos claims Marshals left a copy of the summons and complaint at her on-campus mailbox at Millersville University which is approximately half an

6

hour away from her place of employment.[61] The summons and complaint attached a memorandum from the Office of the Dean.[62] Director Chrissos claims this is improper service.

Our Court of Appeals recognizes "we tend to be flexible when applying procedural rules to pro se litigants."[63] We previously ordered the Clerk of Court to re-issue summonses after the Marshals confirmed they received the USM-285 forms from Mr. Carroll. We then directed the Marshals serve the summonses and second amended Complaint upon all unserved Defendants.

Before dismissing a suit for insufficient service of process, our Court of Appeals directs us to "determine whether good cause exists for an extension of time."[64] "Good cause requires 'a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules.'"[65] If no good cause exists, we may dismiss the moving defendant.[66]

In *Martin v. OSHA*, Judge Quinones and defendants provided the *pro se* plaintiff guidance and several opportunities to properly effectuate service.[67] Despite these efforts, plaintiff failed to properly effect service. Defendants moved to dismiss alleging insufficient service of process. The plaintiff did not respond to the motion to dismiss and did not make an effort to demonstrate proper service under Federal Rule of Civil Procedure 4(m). Judge Quinones granted defendant's motion to dismiss under Rule 4(m): "Because the issue of improper service was timely raised by Defendants, Plaintiff bears the burden of demonstrating validity of service. Plaintiff has not responded to Defendants' motion, nor has he made any effort to demonstrate that he properly served **both** a summons and complaint on each Defendant in the manner prescribed by Rule 4(m). Having failed to meet his burden of establishing that service was proper, Plaintiff's complaint must be dismissed.[68]

In *Conrad v. Potter*, the court found "[a] *pro se* litigant's ignorance of the rules does not constitute good cause sufficient to excuse a failure to timely serve process."[69] The court held the plaintiff's failure to effect service is unreasonable because he did not comply with Rule 4(m), did not serve all necessary parties, and the suit had been pending for a year and two months.[70] Even under these circumstances, the court granted an extension, yet the plaintiff still failed to properly effect service.[71] The court found no good cause existed based upon these extensions and dismissed the *pro se* litigant's claim.[72]

Based on the amount of extensions and chances we granted Mr. Carroll, like *Martin* and *Conrad*, we find no good cause exists for the insufficient service of process upon Director Chrissos. We cannot find Mr. Carroll engaged in reasonable steps to ensure service. He provided the wrong address. Director Chrissos is not substantially prejudiced by lack of service to date but, along with the remaining Defendants, Mr. Carroll's delay increases the risk of lost documents and recollections. Mr. Carroll never moved for an enlargement. After notice, he elected to not correct the service. The case is now over four years old and Mr. Carroll did not timely respond to Director Chrissos's motion to dismiss. We provided him several opportunities to address his failure. He never explained the failure. He never sought an extension for service although he sought extensions for other obligations. Mr. Carroll is obligated to provide accurate mailing addresses of the defendants in a timely fashion to the U.S. Marshal.[73] It appears Mr. Carroll decided to not pursue claims against Director Chrissos. We dismiss Mr. Carroll's due process and breach of contract claims against Director Chrissos for insufficient service of process under Rule 4(m).

We dismiss these claims without prejudice. Mr. Carroll must show some effort. He may be able to amend to add Director Chrissos under a due process theory if he can show it relates back to his timely-filed complaint.[74]

8

## III. Conclusion

We grant Director Chrissos's motion to dismiss for failure to timely serve her and dismiss the breach of contract and due process claims against her without prejudice.

---

[1] ECF Doc. No. 83 at ¶ 4.

[2] *Id.* at ¶ 5.

[3] *Id.* at ¶ 6.

[4] *Id.*

[5] ECF Doc. No. 17-1 at 40.

[6] ECF Doc. No. 83 at ¶¶ 9.

[7] *Id.* at ¶¶ 6, 9, 16.

[8] ECF Doc. No. 17-1 at 17.

[9] ECF Doc. No. 83 at ¶ 9.

[10] *Id.* at ¶ 10.

[11] *Id.* at ¶¶ 10-12.

[12] *Id.* at ¶ 11.

[13] *Id.* at ¶ 12; ECF Doc. No. 17-1 at 39.

[14] ECF Doc. No. 83 at ¶ 12.

[15] *Id.*

[16] *Id.* at ¶ 13.

[17] *Id.*

[18] *Id.* at ¶ 14.

[19] ECF Doc. No. 83 at ¶ 14.

[20] *Id.* at ¶ 15.

---

[21] *Id.*

[22] *Id.* at ¶ 16.

[23] *Id.* at ¶ 17.

[24] ECF Doc. No. 3.

[25] *Id.*

[26] *Id.* at 2.

[27] ECF Doc. No. 2.

[28] ECF Doc. No. 11.

[29] ECF Doc. No. 18.

[30] ECF Doc. No. 46 at n.1.

[31] *Id.* ("I am granting this motion for leave to amend because of the *pro se* status of the plaintiff. It is important to allow such a plaintiff to have a full and complete opportunity to be heard.").

[32] ECF Doc. No. 65.

[33] ECF Doc. No. 66 ("Plaintiff is granted one last chance to file an amended complaint").

[34] ECF Doc. No. 69.

[35] ECF Doc. No. 74 (emphasis removed) ("[W]e amend our October 9, 2018 Order (ECF Doc. No. 66) solely to allow Plaintiff one last chance to file a [second] amended complaint").

[36] ECF Doc. No. 78.

[37] ECF Soc. No. 81.

[38] ECF Doc. No. 82.

[39] ECF Doc. Nos. 86, 109.

[40] *Id.* at 15.

[41] 419 U.S. 565 (1975).

[42] 424 U.S. 319 (1976); ECF Doc. No. 109 at 31.

---

[43] ECF Doc. No. 109 at 35.

[44] *Id.* at 38 (citing *Heck v. Humprhey*, 512 U.S. 477, 486-87 (1994) ("Where a plaintiff seeks damages relating 'to a conviction or sentence that has not been so invalidated,' the plaintiff's civil rights claim 'is not cognizable under [Section] 1983'")).

[45] ECF Doc. No. 83.

[46] ECF Doc. No. 93.

[47] ECF Doc. No. 94.

[48] ECF Doc. No. 96.

[49] ECF Doc. No. 112.

[50] ECF Doc. No. 124.

[51] ECF Doc. No. 129.

[52] ECF Doc. No. 135.

[53] ECF Doc. No. 83.

[54] *See* ECF Doc. No. 135-3. Under Federal Rule of Civil Procedure 12(b)(5), "an action may be dismissed on the basis of insufficient service of process." *Martin v. OSHA*, No-15-4359, 2017 WL 1326212, at *2 (E.D. Pa. Apr. 11, 2017). "In resolving a motion under Rule 12(b)(5), the party making service has the burden of demonstrating its validity when an objection to service is made." *Id.* The plaintiff must show it served "the summons and complaint within the time allowed by Rule 4(m)." *Id.* (citing Fed. R. Civ. P. 4(c)(1)). Federal Rule of Civil Procedure 4(m) mandates we dismiss an action without prejudice if a defendant is not served within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). If the plaintiff shows good cause for the failure, we must extend the time for service for an appropriate period. *Id.*

In *Martin*, Judge Quinones granted the defendant's motion to dismiss for insufficient service of process under Rule 12(b)(5). *Martin*, 2017 WL 1326212, at *2. She explained, "[b]ecause the issue of improper service of process was timely raised by Defendants, Plaintiff bears the burden of demonstrating validity of service." *Id.* at *3. The plaintiff neither responded to the defendant's motion, nor "made any effort to demonstrate that he properly served" a summons and complaint on the defendants "in the manner prescribed by Rule 4(m)." *Id.* She held, "[h]aving failed to meet his burden of establishing that service was proper, Plaintiff's claim must be dismissed." *Id.*

Like the plaintiff in *Martin*, Mr. Carroll has neither responded to Ms. Chrissos's motion to dismiss for insufficient service of process nor offered evidence he properly served Ms. Chrissos under Rule 4(m). He made no attempt to show good cause for his failure to serve.

[55] *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013).

11

[56] Fed. R. Civ. P. 4(m).

[57] *Himmelreich v. U.S.*, 285 F. App'x 5, 7 (3d Cir. 2008) (citing *McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 196 (3d Cir.1998)); *see also Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305-06 (3d Cir. 1995).

[58] *Himmelreich*, 285 F. App'x at 7 (citing *Petrucelli*, 46 F.3d at 1307-08).

[59] *Beautyman v. Laurent*, 829 F. App'x 581, 583 (3d Cir. 2020) (quoting *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995)).

[60] ECF Doc. No. 135-3 at 15-16.

[61] *Id.* at 15.

[62] *Id.*

[63] *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013).

[64] *Petrucelli*, 46 F.3d at 1298.

[65] *Conrad v. Potter*, No. 04-5094, 2006 WL 54337, at *2 (D.N.J. Jan. 10, 2006) (quoting *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir.1995)).

[66] *Petrucelli*, 46 F.3d at 1305.

[67] No. 15-4359, 2017 WL 1326212, at *3 (E.D. Pa. Apr. 11, 2017).

[68] *Id.* (emphasis in original) (citations omitted).

[69] 2006 WL 54337, at *3; *see also Veal v. United States*, 84 F. App'x 253, 256 (3d Cir. 2004).

[70] *Id.*

[71] *Id.*

[72] *Id.*

[73] *See Zavalunov v. White*, No. 18-2438, 2020 WL 1034848, at *2 (M.D. Pa. Mar. 2, 2020) (informing plaintiff failure to properly name a defendant, "or provide an accurate mailing address for a defendant, may result in dismissal of the claims against that defendant pursuant to Federal Rule of Civil Procedure 4(m)").

[74] We previously dismissed the breach of a student handbook claim in addressing earlier motions to dismiss.  Mr. Carroll offers no new grounds for us to consider this claim differently.