### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARTIS C. CARROLL, JR. | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  16-1406 |
| | : | |
| THOMAS RICHARDSON and | : | |
| LORI AUSTIN | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                **March 9, 2021**

Persons may sue to remedy a perceived wrong without counsel.  But they must first properly serve the complaint and summons upon those they wish to hold responsible for the alleged wrong.  We generally grant extensions to do so as we prefer to address the merits. We grant extensions upon good cause.  But we today address claims by a pro se person who never served two parties after suing them almost four years ago.  He amended his complaint and added other parties but still never served these two parties with any version of his amended complaint.  He chose not to answer the motion to dismiss but argued we should again excuse his failures because he thought the U.S. Marshals would track down the two parties even though we repeatedly told him he needed to provide the correct address for these parties.  He then tried to argue he thought we terminated this case months ago even though he kept moving for relief.  He offers no credible reason to find good cause after several extensions.  He is suing them for breach of student handbook which, as we told him as to other served parties, is not a claim.  The two unserved parties now move to dismiss for failure of service and failure to state a claim.  We grant the motion and dismiss them from this case.

## I.      Background

### A.      Alleged pro se facts

Millersville University accepted African American student Artis C. Carroll, Jr. in July 2011.[1] Mr. Carroll enrolled in Millersville University's Allied Health Respiratory Therapy Program in Fall 2012.[2] Students enrolled in the Allied Health Respiratory Therapy Program participate in the Millersville University Respiratory Therapy Program ("Therapy Program") at UPMC Pinnacle Lancaster.[3]  Millersville University provides students with the "didactic" aspect of the Therapy Program, and UPMC Pinnacle Lancaster provides students with the "clinical" aspect of the Therapy Program.[4] Elaine Chrissos served as Director of the Therapy Program and Jarrod Harleman served as Assistant Director of Therapy Program.[5]  A Millersville University student handbook governs students participating in Therapy Program.[6] The handbook provides the program's grading scale and criteria to remain enrolled in the program.[7]

Mr. Carroll began the clinical aspect of Therapy Program at UPMC Pinnacle Lancaster in Summer 2014.[8]  Mr. Carroll contacted Millersville University officials Dr. John Hoover and Dr. Robert Smith in the Fall Term 2014 complaining of racial discrimination during his clinical experience.[9] Mr. Carroll complained Director Chrissos and Assistant Director Harleman directed racist jokes towards him and complained Mr. Harleman gave him the middle finger.[10] Mr. Carroll then filed two formal complaints with the University's Executive Director of Human Resources. The first complaint alleged racial discrimination from Director Chrissos and Assistant Director Harleman.[11] The second complaint alleged Director Chrissos did not follow the Therapy Program's grading scale and denied Mr. Carroll access to his student records.[12]

Director Chrissos and Assistant Director Harleman notified Mr. Carroll in December 2014 "he will be subject to dismissal before final grades are posted with the [University's] Registrar."[13]

Mr. Carroll immediately appealed his dismissal argued his dismissal from MURTP violated the student handbook because he should not be dismissed without first being put on probation.[14] Mr. Carroll also argued Director Chrissos did not follow the proper grading scale in compliance with the student handbook.[15] The panel denied Mr. Carroll's appeal and affirmed his removal from the Therapy Program.[16]

Mr. Carroll received his Fall 2014 grades after his appellate hearing.[17] Millersville University graded him a D-minus in Respiratory Assessment and a D-minus in Therapeutic Care and Clinical Practice 1.[18] Mr. Carroll alleges these grades are inaccurate, as he should have received a C in at least one of these two courses.[19] He alleges Director Chrissos fraudulently changed his grades to dismiss him from the Therapy Program and to "cover up" Mr. Carroll's "premature" dismissal in violation of the student handbook.[20] Mr. Carroll became aware of his D-minus grades in late December 2014 after the Registrar posted final grades.[21] After Mr. Carroll became aware of the D-minus grades, he contacted Dr. Smith.[22] Dr Smith responded by informing Mr. Carroll of Millersville University's grade appeal policy.[23] To comply with the first requirement of the grade appeal policy, Mr. Carroll went to UPMC Pinnacle Lancaster to speak directly with Director Chrissos and Assistant Director Harleman about his final grade and accessing his student records.[24] Assistant Director Harleman referred Mr. Carroll to Director Chrissos.[25] Director Chrissos refused to speak with Mr. Carroll and UPMC Pinnacle Lancaster security escorted Mr. Carroll off of the medical center's property.[26] Mr. Carroll describes being "shocked" because the student handbook "states that records will be available upon request."[27]

To comply with the second requirement of the grade appeal policy, Mr. Carroll filed a direct appeal to the Chairman of the Millersville University Biology Department Dr. Hoover.[28] Dr. Hoover denied Mr. Carroll's appeal.[29] To comply with the third requirement of the grade appeal

policy, Mr. Carroll filed a written appeal with Dean of the Millersville University Math and Science Department Dr. Smith.[30] Dr. Smith denied Mr. Carroll's appeal.[31] Millersville University dismissed Mr. Carroll from the Therapy Program, but he remained a student on track to graduate with a Liberal Arts Degree in December 2015.[32]

### B.    Mr. Carroll's extended litigation

Mr. Carroll sued Millersville University and Lancaster County in March 2016 alleging their liability under the First, Fifth, Sixth, and Fourteenth Amendments; The Family Educational Rights and Privacy Act; fraud; false imprisonment; defamation; and discrimination.[33] Mr. Carroll alleged racial discrimination; instructors denied him access to his student records; Millersville University suspended him without a hearing; and Millersville University police unlawfully arrested him.[34] Judge Stengel dismissed Mr. Carroll's claims against Lancaster County under 28 U.S.C. 1915(e) and ordered service on Millersville University.[35] Millersville University waived service in February 2017.[36]

Mr. Carroll filed an amended complaint on March 27, 2017.[37] Mr. Carroll listed Assistant Director Harleman and UPMC Pinnacle Lancaster as defendants in his amended complaint almost four years ago.[38] It appears Mr. Carroll never served the twelve new defendants. Millersville University moved to dismiss but Judge Stengel allowed Mr. Carroll to file a second amended complaint providing Mr. Carroll his last opportunity to file an amended complaint.[39] Chief Judge Sanchez reassigned Mr. Carroll's case to Judge Leeson.[40] Mr. Carroll failed to file his second amended complaint and Judge Leeson set a new deadline for Mr. Carroll to file his second amended complaint.[41] Chief Judge Sanchez reassigned Mr. Carroll's case to us.[42] We gave Mr. Carroll an extension to file his second amended complaint.[43] Mr. Carroll failed to file his second amended complaint by our assigned deadline and Millersville University moved to dismiss.[44] We

gave Mr. Carroll one "last chance" to file his second amended complaint.[45] Mr. Carroll appealed

a separate issue to our Court of Appeals.[46] After our Court of Appeals dismissed Mr. Carroll's

appeal, we granted him another "last chance" to file his second amended complaint.[47] Mr. Carroll

filed his second amended complaint in May 2019.[48]

He then sued twenty-five defendants including UPMC Pinnacle Lancaster and Assistant

Director Harleman for breach of the student handbook.[49] We dismissed many of Mr. Carroll's

claims against served parties in a series of orders supported by detailed opinions.[50] We specifically

found Mr. Carroll failed to state a claim for breach of contract because the student handbook is not

a contract.[51]

Mr. Carroll delayed in servicing UPMC Pinnacle Lancaster and Assistant Director

Harleman.  He advised the U.S. Marshals of 250 College Avenue Lancaster, Pa 17603 as the

address of both Assistant Director Harleman and UPMC Pinnacle Lancaster.[52] We ordered the

Clerk of Court to issue summons to the U.S. Marshals for service upon defendants, including upon

UPMC Pinnacle Lancaster and Assistant Director Harleman.[53] We also directed Mr. Carroll to

complete the USM-285 forms so the Marshals could serve the defendants.[54] We noted Mr.

Carroll's failure to complete the forms may result in dismissal of his claims for failure to

prosecute.[55] The U.S. Marshals returned the summons as unexecuted on August 30, 2019 because

Mr. Carroll failed to return the USM-285 forms.[56] We ordered Mr. Carroll show cause for his

failure to return the USM-285 forms.[57] We again directed the Clerk of Court to reissue

summonses.[58] We again ordered the U.S. Marshals to serve summonses and the second amended

complaint upon all defendants.[59] We informed Mr. Carroll of his duty to return the forms.[60] The

Clerk of Court reissued summonses to the U.S. Marshals on September 24, 2019.[61] The U.S.

Marshals filed a return of executed service upon Director Chrissos and other defendants on June

24, 2020.[62] The U.S. Marshal did  not list Assistant Director Harleman and UPMC Pinnacle Lancaster on the return of executed service.[63]

We again ordered the Clerk of Court to forthwith issue summonses as to Assistant Director Harleman and UPMC Pinnacle Lancaster on July 10, 2020.[64] The Clerk issued amended summonses to Assistant Director Harleman and UPMC Pinnacle Lancaster on July 14, 2020. We delivered to the U.S. Marshals the summons, copies of the complaint, and copies of the Order for service the next day. The summonses returned unexecuted as to Assistant Director Harleman and UPMC Pinnacle Lancaster on October 1, 2020.[65] The U.S. Marshals certified they could not locate Assistant Director Harleman or UPMC Pinnacle Lancaster, noting "UPMC-LRMC is shut down[.] [The] [b]uilding [is] vacant for past two years" and "no other info available to us."[66]

Mr. Carroll has not effected service on other parties.  We recently granted without prejudice Director Chrissos' motion to dismiss based on insufficiency of service.[67] We found Mr. Carroll failed to serve Director Chrissos because he failed to serve her at her known business address.[68] Based on the amount of extensions and chances we granted Mr. Carroll, we could not find good cause existed for Mr. Carroll's insufficient service of process. We noted "Mr. Carroll's delay increase[ed] the risk of lost documents and recollections," "Mr. Carroll never moved for an enlargement," and "[a]fter notice, [Mr. Carroll] elected to not correct the service."[69] We also noted Mr. Carroll "never explained the failure" and he never sought an extension for service despite seeking extensions for other obligations.[70]

He also failed to serve Christian Yanak and Trista Boyd.  We afforded him opportunities to serve these two persons.  He never asked for an extension.  We dismiss these persons as well for failure of service in today's Order.

**II.      Analysis**

Mr. Carroll pro se sues Assistant Director Harleman and UPMC Pinnacle Lancaster for breach of the student handbook.[71] Assistant Director Harleman and UPMC Pinnacle Lancaster move to dismiss arguing, among other things, Mr. Carroll failed to serve Assistant Director Harleman and UPMC Pinnacle Lancaster with legal process.[72] Mr. Carroll failed to explain why he has not served Assistant Director Harleman and UPMC Pinnacle Lancaster. He does not demonstrate good cause for his failure to timely serve Assistant Director Harleman and UPMC Pinnacle Lancaster. We grant the motion to dismiss Mr. Carroll's complaint against Assistant Director Harleman and UPMC Pinnacle Lancaster.

**A.      Mr. Carroll failed to serve Assistant Director Harleman and UPMC Pinnacle Lancaster.**

Assistant Director Harleman and UPMC Pinnacle Lancaster argue Mr. Carroll never served them with a copy of his original complaint, first amended complaint, or his second amended complaint.[73] They argue both of Mr. Carroll's attempts at service returned unexecuted, the summonses and complaints were never left at their dwellings, and the summonses and complaints were not delivered to their authorized agents.[74]

We cannot exercise personal jurisdiction over a defendant until the procedural requirement of service is satisfied.[75] Federal Rule of Civil Procedure 4 governs the procedural requirement of service. Federal Rule of Civil Procedure 4(c) provides "[a] summons must be served with a copy of the complaint. The Plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service."[76]

We are guided by our Court of Appeals to be flexible with procedural rules for pro se plaintiffs alleging valid substantive claims.[77] We "grant pro se litigants some degree of leniency."

But a pro se plaintiff "must still comply with the same rules of procedure and the substantive law required by counseled parties."[78] The docket confirms Mr. Carroll still has not served Assistant Director Harleman or UPMC Pinnacle Lancaster. The U.S. Marshals returned service upon Assistant Director Harleman and UPMC Pinnacle Lancaster as unexecuted on August 30, 2019 because Mr. Carroll failed to return the USM-285 forms.[79] After Mr. Carroll failed to return USM-285 forms, we ordered the Clerk of Court to reissue summonses.[80] Mr. Carroll returned the USM-285  forms, and we directed the U.S. Marshals to serve the summonses and second amended complaint upon Assistant Director Harleman and UPMC Pinnacle Lancaster. The U.S. Marshals again returned summonses unexecuted on October 1, 2020, as the address Mr. Carroll provided is a vacant building.[81] Mr. Carroll never provided the U.S. Marshals with additional information on Assistant Director Harleman or UPMC Pinnacle Lancaster. Mr. Carroll still has not served Assistant Director Harleman or UPMC Pinnacle Lancaster to date.

Mr. Carroll failed to timely serve Assistant Director Harleman and UPMC Pinnacle Lancaster.

### B.      We cannot find good cause for Mr. Carroll's failure to serve Assistant Director Harleman and UPMC Pinnacle Lancaster.

Before we can dismiss Mr. Carroll's complaint for failure to timely serve Assistant Director Harleman and UPMC Pinnacle Lancaster, we must examine whether there is "good cause" to extend the time for service under Rule 4(m).[82] Our Court of Appeals requires we apply a two-step inquiry to determine if granting an extension of time for service is proper. "First, the court must determine whether good cause exists for the failure to have effected service in a timely manner. If so, the extension must be granted. [If not,] the court still may grant the extension in the sound exercise of its discretion."[83]

We extend the time for service "where a plaintiff demonstrates good cause for the failure to timely serve the defendant."[84]  To establish good cause for failed service, our Court of Appeals requires we consider three factors: "(1) reasonableness of plaintiff's efforts to serve[;] (2) prejudice to the defendant by lack of timely service[;] and (3) whether plaintiff moved for an enlargement of time to serve."[85]

In *Maltezos v. Giannakouros*, our Court of Appeals affirmed the district court's dismissal for failure to effect service.[86] In *Maltezos*, "the District Court granted a pro se plaintiff's [*in forma pauperis*] motion, . . . directed the Clerk to issue summonses, and instructed the U.S. Marshal's Service to serve the summonses and complaint upon the named defendants."[87] The plaintiff provided three addresses for two defendants.[88] The U.S. Marshals returned service as unexecuted because the plaintiff provided addresses for vacant buildings.[89] The district court directed the plaintiff to provide more information, and the plaintiff responded by providing the same three addresses already given and providing one new address.[90] The U.S. Marshals again returned service unexecuted at the new address, as the plaintiff provided an address for a "closed restaurant" and a "closed empty building."[91] Our Court of Appeals found the plaintiff failed to provide sufficient information for the U.S. Marshals to effect service.[92] Our Court of Appeals further found the plaintiff failed to show good cause under Rule 4(m), noting "the Marshal's Service is not required to attempt service into perpetuity at the same address. Moreover, at this stage, it is clear that [plaintiff] cannot provide the necessary information to effect service on defendants."[93]

In *Meade v. Reynolds*, pro se plaintiffs proceeding *in forma pauperis* sued a police officer.[94] The U.S. Marshals returned service unexecuted, noting the police officer did not work for the police department as the plaintiffs alleged.[95] The plaintiffs failed to comply with two district court orders requesting an accurate address and instructing them to submit an amended USM-285

9

form.[96] Our Court of Appeals found the plaintiffs failed to provide good cause for their failure to execute service, noting "the plaintiffs must provide the district court with sufficient information to enable the Marshals Service to effectuate service of process."[97] Our Court of Appeals continued "the District Court provided two opportunities for the plaintiffs to furnish [the officer's] correct address, but they failed to do so."[98] Our Court of Appeals affirmed the dismissal, citing the number of opportunities the plaintiffs had to provide a correct address and explained "the Marshal['s]s service is not to attempt service into perpetuity at the same address."[99]

We cannot find good cause exists for Mr. Carroll's failure to serve process upon Assistant Director Harleman and UPMC Pinnacle Lancaster. Mr. Carroll did not act reasonably in his effort to serve Assistant Director Harleman and UPMC Pinnacle Lancaster. After we reissued summonses following Mr. Carroll's failure to return the USM-285 forms, he provided an incorrect address and never provided new information. Our Order to reissue summons specifically provided "[i]n the event a summons is returned unexecuted, it is Plaintiff's responsibility to ask the Clerk of Court to issue an alias summons and to provide the Clerk with Defendant's correct address, so service can be made[.]"[100] Mr. Carroll never contacted the Clerk of Court to provide a correct address for Assistant Director Harleman and UPMC Pinnacle Lancaster. Assistant Director Harleman and UPMC Pinnacle Lancaster are not substantially prejudiced by lack of service to date, but "absence of prejudice alone can never constitute good cause."[101] The delay caused by Mr. Carroll's failure to serve increases the risk of lost documents and recollections. Mr. Carroll did not move for an enlargement after his October 1, 2020 attempt at service returned unexecuted.

Like the judges in *Maltezos* and *Meade*, we gave Mr. Carroll several opportunities to serve Assistant Director Harleman and UPMC Pinnacle Lancaster. He failed to provide the U.S. Marshals with sufficient information to enable them to effectuate service of process. He failed to

execute  service and has not provided an explanation for his most recent failure. He does not seek an extension for service.

He chose to not respond to the motion to dismiss.  But we granted him an opportunity to explain why he failed to serve these two parties during our initial pretrial conference.  He explained he thought the U.S.Marshals would track down and serve Assistant Director Harleman or UPMC Pinnacle Lancaster when they found out they could not be served at his identified address.  We told him the U.S. Marshals are not his paralegals or investigators and he must identify the correct service address.  He then argued he thought we terminated this case based on an earlier Order dismissing with leave to amend.  He amended and we proceeded.  We entered several Orders which he conceded knowledge.  He sought relief relating to his other claims.  But he never asked for an extension to serve Assistant Director Harleman and UPMC Pinnacle Lancaster.

We cannot find good cause exists to explain his failure to serve Assistant Director Harleman and UPMC Pinnacle Lancaster.

### C.      No other factor warrants an extension of time for service.

Mr. Carroll does not establish good cause. But even where good cause does not exist, "Rule 4(m) gives [us] discretion to extend the time for service."[102] "In determining whether or not to grant a discretionary extension, courts may consider: (1) actual notice of the legal action; (2) prejudice to the defendant; (3) the statute of limitations on the underlying causes of action; (4) the conduct of the defendant; (5) whether the plaintiff is represented by counsel; and (6) any other factor that may be relevant."[103] "The plaintiff bears the burden of demonstrating a sufficient reason as to justify the exercise of the court's discretion."[104]

We are unable to grant Mr. Carroll an extension to perform service upon Assistant Director Harleman and UPMC Pinnacle Lancaster. Mr. Carroll must demonstrate a sufficient reason

justifying our exercise of discretion. He has not met his burden. Mr. Carroll failed to respond to Assistant Director Harleman's and UPMC Pinnacle Lancaster's motion to dismiss. He never explained why he did not provide the U.S. Marshals with additional information after service returned unexecuted for the second time. Mr. Carroll must show some effort. We are unable to grant an extension of service.

We cannot grant Mr. Carroll another extension to serve Assistant Director Harleman and UPMC Pinnacle Lancaster. We dismiss Mr. Carroll's breach of contract claims against Assistant Director Harleman and UPMC Pinnacle Lancaster without prejudice.

### D.    Mr. Carroll does not state a claim for breach of contract.

Even if Mr. Carroll had properly served Director Harleman and UPMC Pinnacle Lancaster, his claim would still fail.  We previously dismissed the breach of contract claims against Defendants Millersville University, Professor Hoover, and Dean Smith.[105]  We found Mr. Carroll failed to state a claim for breach of contract against these Defendants because the Program's Student Handbook is not a contract.[106]  "A cause of action for breach of contract must be established by pleading (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages." [107]  The Pennsylvania Supreme Court "has declined to construe the student handbook of a public university as a contract between the public university and the student." [108]

Because the Student Handbook is not a contract, and Mr. Carroll relies on the Handbook as a contract in his claim against Director Harleman and UPMC Pinnacle Lancaster, the breach of contract claims against Director Harleman and UPMC Pinnacle Lancaster also fails.

## III.   Conclusion

We grant Assistant Director Harleman's and UPMC Pinnacle Lancaster's motion to dismiss for failure to timely serve and because Mr. Carroll cannot state a claim for breach of contract based on Millersville University's student handbook. We dismiss the claims against Assistant Director Harleman and UPMC Pinnacle Lancaster.

---

[1] ECF Doc. No. 83 at ¶ 4.

[2] *Id*. at ¶ 5.

[3] *Id*. at ¶ 6.

[4] *Id*.

[5] *Id*.

[6] *Id*. at ¶ 7.

[7] *Id*.

[8] *Id*.

[9] *Id*. at ¶ 9.

[10] *Id*.

[11] ECF Doc. No. 17-1 at 17.

[12] ECF Doc. No. 83 at ¶ 9.

[13] *Id*. at ¶ 10.

[14] *Id*. at ¶ 11.

[15] *Id*.

[16] *Id*.

[17] *Id*. at ¶ 13.

[18] *Id*. at ¶ 12; ECF Doc. No. 17-1 at 39.

[19] ECF Doc. No. 83 at ¶ 12.

[20] *Id.*

[21] *Id.* at ¶ 13.

[22] *Id.*

[23] *Id.*

[24] *Id.* at ¶ 14.

[25] *Id.*

[26] *Id.*

[27] *Id.*

[28] *Id.* at ¶ 15.

[29] *Id.*

[30] *Id.* at ¶ 16.

[31] *Id.*

[32] *Id.* at ¶ 17.

[33] ECF Doc. No. 3 at 2.

[34] *Id.* at 3.

[35] ECF Doc. No. 2.

[36] ECF Doc. No 11.

[37] ECF Doc. No 17.

[38] *Id.* at 1.

[39] ECF Doc. No. 46 at n1.

[40] ECF Doc. No. 51.

[41] ECF Doc. Nos. 52, 59.

[42] ECF Doc. No. 65.

[43] ECF Doc. No 66.

[44] ECF Doc. No 69.

---

[45] ECF Doc. No 74.

[46] ECF Doc. No. 77.

[47] ECF Doc. Nos. 81, 82.

[48] ECF Doc. No. 83.

[49] *Id*. at ¶¶ 38-44.

[50] ECF Doc. Nos. 86, 109, 144.

[51] ECF Doc. No. 109 at 15.

[52] ECF Doc. No. 83 at ¶ 1.

[53] ECF Doc. No. 84.

[54] *Id*. at ¶ 1.

[55] *Id*.

[56] ECF Doc. No. 93.

[57] ECF Doc. No. 94.

[58] ECF Doc. No. 96.

[59] *Id*.

[60] *Id*.

[61] *Id*.

[62] ECF Doc. No. 112.

[63] *Id*.

[64] ECF Doc. No. 113.

[65] ECF Doc. No. 115.

[66] *Id*. at 3-4.

[67] ECF Doc. No. 144.

[68] *Id*. at 6.

[69]*Id*. at 8.

[70] *Id.*

[71] ECF Doc. No. 83 at ¶¶ 38-44.

[72] ECF Doc. No. 152 at 9. Under Federal Rule of Civil Procedure 12(b)(5), "an action may be dismissed on the basis of insufficient service of process." *Martin v. OSHA*, No-15-4359, 2017 WL 1326212, at *2 (E.D. Pa. Apr. 11, 2017). "In resolving a motion under Rule 12(b)(5), the party making service has the burden of demonstrating its validity when an objection to service is made." *Id.* The plaintiff must show it served "the summons and complaint within the time allowed by Rule 4(m)." *Id.* (citing Fed. R. Civ. P. 4(c)(1)). Federal Rule of Civil Procedure 4(m) mandates we dismiss an action without prejudice if a defendant is not served within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). If the plaintiff shows good cause for the failure, we must extend the time for service for an appropriate period. *Id.*

In *Martin*, Judge Quinones granted the defendant's motion to dismiss for insufficient service of process under Rule 12(b)(5). *Martin*, 2017 WL 1326212, at *2. She explained, "[b]ecause the issue of improper service of process was timely raised by Defendants, Plaintiff bears the burden of demonstrating validity of service." *Id.* at *3. The plaintiff neither responded to the defendant's motion, nor "made any effort to demonstrate that he properly served" a summons and complaint on the defendants "in the manner prescribed by Rule 4(m)." *Id.* She held, "[h]aving failed to meet his burden of establishing that service was proper, Plaintiff's claim must be dismissed." *Id.*

Like the plaintiff in *Martin*, Mr. Carroll has neither responded to Assistant Director Harleman's and UPMC Pinnacle Lancaster's motion to dismiss for failure to serve nor offered evidence he properly served to Assistant Director Harleman and UPMC Pinnacle Lancaster under Rule 4(m). He made no attempt to show good cause for his failure to serve.

[73] *Id.*

[74] *Id.* at 9-10.

[75] *Muhammad v. Pennsylvania Dep't of Educ.*, No. 5:18-02647, 2019 WL 1552567, at *3 (E.D. Pa. Apr. 10, 2019) (citing *Lampe v. Xouth, Inc.*, 952 F.2d 697, 701 (3d Cir. 1991).

[76] Fed. R. Civ. P. 4(c). Rule 4(m) explains "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." (Fed. R. Civ. P. 4(m)).

[77] *See Mala v. Crown Bay Marina, Inc.,* 704 F.3d 239, 244-45 (3d. Cir. 2013) (our Court of Appeals guides us to be flexible with procedural rules for pro se plaintiffs alleging valid substantive claims, but notes "there are limits to our procedural flexibility. For example, . . . [pro se litigants] still must serve process on the correct defendants." *Id.* at 245 (citing *Franklin v. Murphy*, 745 F.2d 1221, 1234–35 (9th Cir.1984)).

[78] *Muhammad*, 2019 WL 1552567, at *3 (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

---

[79] ECF Doc. No. 93.

[80] ECF Doc. No. 96.

[81] ECF Doc. No. 115.

[82] Fed. R. Civ. P. 4(m) ("But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period").

[83] *McCurdy v. American Board of Plastic Surgery,* 157 F.3d 191, 196 (3d Cir. 1998); *see also Muhammad*, 2019 WL 1552567, at *4; *Robinson v. Philip Morris USA, Inc*., No. 18-1743, 2019 WL 1787637, at *6 (E.D. Pa. Apr. 23, 2019).

[84] *Himmelreich v. United States*, 285 F. App'x 5, 7 (3d Cir. 2008) (citing *McCurdy,* 157 F.3d at 196).

[85] *Beautyman v. Laurent*, 829 F. App'x 581, 583 (3d Cir. 2020) (quoting *MCI Telecomms. Corp. v. Telecomms, Inc.,* 71 F.3d 1086, 1097 (3d Cir. 1995)).

[86] *Maltezos v. Giannakouros*, 522 F. App'x 106, 109 (3d Cir. 2013).

[87] *Id*. at 107.

[88] *Id*.

[89] *Id*.

[90] *Id*.

[91] *Id*.

[92] *Id*. at 108.

[93] *Id*.

[94] *Meade v. Reynolds*, 810 F. App'x 86, 87 (3d Cir. 2020).

[95] *Id*.

[96] *Id*.

[97] *Id*. at 88 (citing *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) ("holding that it is the responsibility of a plaintiff proceeding pro se and IFP to provide proper addresses for service")).

[98] *Id*. at 89.

[99] *Id*.

[100] ECF Doc. No 96 at ¶ 7.

[101] *Joseph v. Hess Oil Virgin Islands Corp.*, 651 F.3d 348, 352 (3d Cir. 2011) (quoting *MCI Telecomms. Corp.*, 71 F.3d at 1097).

[102] *Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997) (citing *Petrucelli v. Bohringer and Ratzinger,* 46 F.3d 1298, 1307 (3d Cir.1995)).

[103] *Hairston v. Green Tree Servicing LLC*, No. 14-6810, 2015 WL 9302865, at *1 n2 (E.D. Pa. Dec. 22, 2015) (citing *Chiang v. U.S. Small Bus. Admin.*, 331 F.App'x 113, 116 (3d Cir. 2009).

[104] *Spence v. LaHood*, No. 11-3972 JBS/AMD, 2012 WL 2076838, at *5 (D.N.J. June 8, 2012) (citing *McCurdy,* 157 F.3d at 196).

[105] ECF Doc. No. 86 at 10; ECF Doc. No. 109 at 15.

[106] *See* ECF Doc. No. 86 at 10; ECF Doc. No. 109 at 15.

[107] *CoreStates Bank, N.A., v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999).

[108] *Tran v. State Sys. Of Higher Educ.*, 986 A.2d 179, 183 (Pa. 2009); *see also Johnson v. Temple Univ.*, No. 12-515, 2013 WL 5298484, at *13 (E.D. Pa. Sept. 19, 2013) (finding student handbook did not create a contractual relationship between student and university); *Borrell v. Bloomsburg Univ.*, 955 F. Supp. 2d 390, 408 (M.D. Pa. 2013) (holding student handbook does not create a contractual relationship).