# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARTIS C. CARROLL, JR. | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 16-1406 |
| | : | |
| THOMAS RICHARDSON and | : | |
| LORI AUSTIN | : | |

# MEMORANDUM

**KEARNEY, J.** April 21, 2021

    Artis C. Carroll, Jr. has spent the last seven years challenging a college grade and the way Millersville University treated him as a student. He began suing five years ago. We granted him extensions of time and repeatedly forgave his failure to otherwise timely file papers since Chief Judge Stengel first screened his Complaint and granted him leave to file an amended Complaint. Mr. Carroll sued UPMC Pinnacle Lancaster and Jarrod Harleman for breach of contract in an amended Complaint filed on March 27, 2017 and then again on May 6, 2019 in a second amended Complaint. But Mr. Carroll never provided the correct address for Marshal service of either of these parties. The Marshals repeatedly tried serving these parties at incorrect addresses. Mr. Harleman and UPMC Pinnacle Lancaster timely moved to dismiss. Mr. Carroll did not respond in writing. We allowed him leave to present oral argument. He then failed to show good cause as to why he never identified the address for service, nor has he ever shown a basis for a breach of contract claim based upon the University's Student Handbook. We dismissed Mr. Carroll's claims against Mr. Harleman and UPMC Pinnacle Lancaster on March 9, 2021. We now deny Mr. Carroll's Motion for reconsideration of our dismissal as there are no new facts or changes in law warranting extending service, and he cannot state a breach of contract claim based on the University's Student Handbook.

## I.    Alleged pro se facts

Millersville University accepted African American student Artis C. Carroll, Jr. in July 2011.[1] Mr. Carroll enrolled in Millersville University's Allied Health Respiratory Therapy Program in Fall 2012.[2] Students enrolled in the Allied Health Respiratory Therapy Program participate in the Millersville University Respiratory Therapy Program at UPMC Pinnacle Lancaster.[3] Millersville University provides students with the "didactic" aspect of the Therapy Program, and UPMC Pinnacle Lancaster provides students with the "clinical" aspect of the Therapy Program.[4] Elaine Chrissos served as Director of the Therapy Program and Jarrod Harleman served as Assistant Director of the Therapy Program.[5]  A Millersville University student handbook governs students participating in Therapy Program.[6] The handbook provides the program's grading scale and criteria to remain enrolled in the program.[7]

Mr. Carroll began the clinical aspect of the Therapy Program at UPMC Pinnacle Lancaster in Summer 2014.[8]  Mr. Carroll contacted Millersville University officials Dr. John Hoover and Dr. Robert Smith in the Fall Term 2014 complaining of racial discrimination during his clinical experience.[9] Mr. Carroll complained Director Chrissos and Assistant Director Harleman directed racist jokes towards him and complained Mr. Harleman gave him the middle finger.[10] Mr. Carroll then filed two formal complaints with the University's Executive Director of Human Resources. The first complaint alleged racial discrimination from Director Chrissos and Assistant Director Harleman.[11] The second complaint alleged Director Chrissos did not follow the Therapy Program's grading scale and denied Mr. Carroll access to his student records.[12]

Director Chrissos and Assistant Director Harleman notified Mr. Carroll in December 2014 "he will be subject to dismissal before final grades are posted with the [University's]

Registrar."[13] Mr. Carroll immediately appealed his dismissal, arguing his dismissal from the Therapy Program violated the student handbook because he should not be dismissed without first being put on probation.[14] Mr. Carroll also argued Director Chrissos did not follow the proper grading scale in compliance with the student handbook.[15] The panel denied Mr. Carroll's appeal and affirmed his removal from the Therapy Program.[16]

Mr. Carroll received his Fall 2014 grades after his appellate hearing.[17] Millersville University graded him a D-minus in Respiratory Assessment and a D-minus in Therapeutic Care and Clinical Practice 1.[18] Mr. Carroll alleges these grades are inaccurate, as he should have received a C in at least one of these two courses.[19] He alleges Director Chrissos fraudulently changed his grades to dismiss him from the Therapy Program and to "cover up" Mr. Carroll's "premature" dismissal in violation of the student handbook.[20] Mr. Carroll became aware of his D-minus grades in late December 2014 after the Registrar posted final grades.[21] After Mr. Carroll became aware of the D-minus grades, he contacted Dr. Smith.[22] Dr. Smith responded by informing Mr. Carroll of Millersville University's grade appeal policy.[23] To comply with the first requirement of the grade appeal policy, Mr. Carroll went to UPMC Pinnacle Lancaster to speak directly with Director Chrissos and Assistant Director Harleman about his final grade and accessing his student records.[24] Assistant Director Harleman referred Mr. Carroll to Director Chrissos.[25] Director Chrissos refused to speak with Mr. Carroll and UPMC Pinnacle Lancaster security escorted Mr. Carroll off of the medical center's property.[26] Mr. Carroll describes being "shocked" because the student handbook "states that records will be available upon request."[27]

To comply with the second requirement of the grade appeal policy, Mr. Carroll filed a direct appeal to the Chairman of the Millersville University Biology Department Dr. Hoover.[28] Dr. Hoover denied Mr. Carroll's appeal.[29] To comply with the third requirement of the grade

appeal policy, Mr. Carroll filed a written appeal with Dean of the Millersville University Math and Science Department Dr. Smith.[30] Dr. Smith denied Mr. Carroll's appeal.[31] Millersville University dismissed Mr. Carroll from the Therapy Program, but he remained a student on track to graduate with a Liberal Arts Degree in December 2015.[32]

### A. Mr. Carroll's extended litigation.

Mr. Carroll sued Millersville University and Lancaster County in March 2016 alleging they violated his rights under the First, Fifth, Sixth, and Fourteenth Amendments and The Family Educational Rights and Privacy Act. He also alleged fraud, false imprisonment, defamation, and discrimination.[33] Mr. Carroll alleged various school officials discriminated against him based on his race; instructors denied him access to his student records; Millersville University suspended him without a hearing; and Millersville University police unlawfully arrested him.[34]

Mr. Carroll sought and obtained the right to proceed *in forma pauperis* without paying the filing fees under 28 U.S.C. 1915(e). Congress requires we address claims filed by persons proceeding *in forma pauperis* by first screening the complaint to ensure it is not frivolous and, if it survives this screening, directing the United States Marshal effect service upon the named defendants based on the address provided by the plaintiff in either the complaint or on a USM-285 form provided by the Marshal to the plaintiff. Judge Stengel dismissed Mr. Carroll's pro se claims against Lancaster County after screening but found Mr. Carroll could initially proceed against the University and ordered Marshal service on Millersville University.[35] Millersville University waived service in February 2017.[36]

Mr. Carroll filed an amended Complaint on March 27, 2017.[37] Mr. Carroll added Assistant Director Harleman and UPMC Pinnacle Lancaster in his amended Complaint filed over four years ago.[38] It appears Mr. Carroll has still never served them. Millersville University

4

moved to dismiss the amended Complaint but Judge Stengel allowed Mr. Carroll to file a second amended Complaint on May 21, 2018 providing Mr. Carroll his last opportunity to file an amended complaint no later than June 29, 2018.[39]

Mr. Carroll chose not to do so. The Court reassigned Mr. Carroll's case to Judge Leeson.[40] Judge Leeson declined to dismiss the case given Mr. Carroll's pro se status but required Mr. Carroll file his second amended Complaint by September 30, 2018.[41] Mr. Carroll again failed to file a second amended Complaint.

Chief Judge Sanchez reassigned Mr. Carroll's case to us.[42] We gave Mr. Carroll yet another extension to file his second amended Complaint.[43] Mr. Carroll failed to file his second amended Complaint by our assigned deadline and Millersville University moved to dismiss.[44] We then again gave Mr. Carroll one "last chance" to file his second amended Complaint.[45] Mr. Carroll appealed a separate issue to our Court of Appeals.[46] After our Court of Appeals dismissed Mr. Carroll's appeal, we granted him yet another "last chance" to file his second amended Complaint.[47]

Mr. Carroll finally filed his second amended Complaint on May 6, 2019 almost a year after granted leave to do so.[48] He now sued twenty-five defendants including the as-yet unserved UPMC Pinnacle Lancaster and Assistant Director Harleman for breach of the student handbook.[49] We dismissed many of Mr. Carroll's claims against served parties in a series of Orders supported by detailed opinions.[50] We specifically found Mr. Carroll failed to state a claim for breach of contract because the University's student handbook is not a contract.[51]

**B.   Mr. Carroll's failed service against UPMC Pinnacle Lancaster and Assistant Director Harleman.**

Mr. Carroll never provided the U.S. Marshal with a valid address to serve UPMC Pinnacle Lancaster and Assistant Director Harleman. He identified their address to the Marshal

5

as 250 College Avenue Lancaster, Pa 17603.[52] We ordered the Clerk of Court to issue summonses to the Marshal for service upon UPMC Pinnacle Lancaster and Assistant Director Harleman.[53] We also directed Mr. Carroll to complete the USM-285 forms so the Marshal could serve the defendants.[54] We noted Mr. Carroll's failure to complete the forms may result in dismissal of his claims for failure to prosecute.[55] The Marshal returned the summons as unexecuted on August 30, 2019 because Mr. Carroll failed to return the USM-285 forms.[56] We ordered Mr. Carroll show cause for his failure to return the USM-285 forms.[57] We again directed the Clerk of Court to reissue summonses.[58] We again ordered the Marshal to serve summonses and the second amended Complaint upon all defendants.[59] We informed Mr. Carroll of his duty to return the forms.[60] The Clerk of Court reissued summonses to the Marshal on September 24, 2019.[61] The Marshal filed a return of executed service upon Director Chrissos and other defendants on June 24, 2020.[62] The Marshal did not list Assistant Director Harleman and UPMC Pinnacle Lancaster on the return of executed service.[63]

We again ordered the Clerk of Court to forthwith issue summonses to Assistant Director Harleman and UPMC Pinnacle Lancaster on July 10, 2020.[64] The Clerk issued amended summonses to Assistant Director Harleman and UPMC Pinnacle Lancaster on July 14, 2020. We delivered the summons, copies of the second amended Complaint, and copies of the Order to the Marshal for service the next day. The summonses returned unexecuted as to Assistant Director Harleman and UPMC Pinnacle Lancaster on October 1, 2020.[65] The Marshal certified he could not locate Assistant Director Harleman or UPMC Pinnacle Lancaster, noting "UPMC-LRMC is shut down[.] [The] [b]uilding [has been] vacant for [the] past two years" and "no other info [is] available to us."[66]

At some unknown point before October 2020, Mr. Carroll moved and did not inform the opposing parties or us of his new address. The Postal Service returned our Orders sent by mail as undeliverable. With no working address for Mr. Carroll, we ordered the Clerk of Court to add Mr. Carroll's email address to the docket on October 28, 2020 to allow Mr. Carroll to receive email notifications of filings.[67] Mr. Carroll has been receiving, though he sometimes fails to open, emails notifying him of all docket activity in his case since at least December 2020.[68] Mr. Carroll, aware of this ongoing case, moved for permission to file documents on the electronic case filing system. We granted his motion on January 26, 2021.[69]

### C. Mr. Carroll participates in our pretrial conference but elects to neither serve the remaining parties nor answer their pending Motion to dismiss.

On February 11, 2021, we ordered the parties appear before us for an initial pretrial conference on March 9, 2021.[70] Our Clerk of Court emailed our Order to Mr. Carroll as confirmed on the docket. He opened and read the Order as confirmed by his appearing for the March 9 conference. He also participated in preparing the pretrial conference memorandum required by our February 11, 2021 Order.[71]

Assistant Director Harleman and UPMC Pinnacle Lancaster moved to dismiss Mr. Carroll's second amended Complaint against them on February 16, 2021, arguing Mr. Carroll failed to serve them with legal process and failed to state a claim for breach of contract.[72] They served Mr. Carroll at his registered email address. He moved for relief unrelated to the pending motion to dismiss through electronic filing on our docket on February 28 and March 2, 2021.[73] He confirmed his review of the docket, including the pending motion to dismiss, by filing on our docket during the pendency of the motion.

But Mr. Carroll either chose to not timely respond to the Motion to dismiss or forgot to do so. But then he showed up at our Rule 16 conference on March 9, 2021. During the

7

conference, we gave Mr. Carroll a fulsome opportunity to respond to the pending Motion to dismiss even though he failed to timely do so under the Federal Rules. We asked him to explain why he failed to provide the correct address to serve Assistant Director Harleman and UPMC Pinnacle Lancaster. He explained he thought the Marshals would track down Assistant Director Harleman and UPMC Pinnacle Lancaster on his behalf upon discovering they could not locate them at the address Mr. Carroll provided. He also thought we had terminated this case, and, as a result, he ignored emails from the Court regarding this case. He offered no credible response when we asked why he could think the case is terminated when he filed motions for documents and participated with counsel in preparing the memorandum for our initial pretrial conference.

      **D.    We dismiss for failure of service or to state a contract claim and deny the first reconsideration motion.**

We granted the Motion to dismiss Mr. Carroll's claims against Assistant Director Harleman and UPMC Pinnacle Lancaster in a March 9, 2021 Order after affording Mr. Carroll yet another opportunity to present opposition during the initial pretrial conference. We dismissed his claims as Mr. Carroll did not show good cause for failing to serve Assistant Director Harleman and UPMC Pinnacle Lancaster, no other factors warranted extending time for service, and even if we would grant yet another extension for service, Mr. Carroll failed to state a claim for breach of contract because the student handbook is not a contract.[74]

Mr. Carroll immediately responded with an "Objection to Lack of Personal Jurisdiction and Motion for Service of Motion to Dismiss for Insufficient Service and Failure to State a Claim From UPMC Defendants."[75] Mr. Carroll argued "the court lacks personal jurisdiction over the motion(s) because he was never served the motion, he was not prepared to argue on the motion, and the attorney for the defendants never gave him proper notice about the motion."[76]

We liberally construed the "Objection" as a motion for reconsideration and denied it in part and granted it in part.[77] We granted it in part "to allow [Mr. Carroll] to properly move for reconsideration [of our March 9, 2021 Order] compliant with our Policies no later than March 22, 2021 demonstrating good cause for failing to effect service upon UPMC Pinnacle and Mr. Harleman."[78] We further granted in part "to direct the Clerk of Court and counsel, at Plaintiff's request, to also now serve him by First Class Mail (in addition to email) at his newly identified address in Upper Darby, Pennsylvania.[79] We denied his "remaining due process allegations," and held "[a]ny claim the Court or a party deprived him of due process by extending him the courtesy of service by email when he had no verifiable street address for mail service lacks merit and does not warrant reconsideration."[80] We later extended his deadline to move for reconsideration until April 6, 2020.[81]

## II. Analysis

Mr. Carroll now moves for reconsideration of our March 9, 2021 and March 11, 2021 Orders. His motion is again untimely and can be denied on this ground alone.[82] Mr. Carroll seemingly does not recognize deadlines or offer reasons for his inability to follow court orders setting deadlines. But, like we have done several times before, we will consider his pro se untimely arguments as we prefer to resolve issues on the merits.

Mr. Carroll offers no basis for reconsideration. We deny his motion. Mr. Carroll does not identify an intervening control in the law, new evidence, or a clear error of law or fact. We grant motions for reconsideration sparingly "because courts have a strong interest in the finality of judgments."[83] We may grant a motion for reconsideration only where the moving party shows: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was

not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."[84]

Mr. Carroll does not identify an "intervening change in the controlling law," and he does not present "new evidence" not available when we granted the Motion to dismiss after notice and a fulsome opportunity to respond. We construe his motion as arguing: (1) we must reconsider our dismissal of his claims to avoid "manifest injustice" because he did not have proper notice of the Motion to dismiss; (2) we erred in holding the Millersville student handbook does not constitute a contract; and (3) we erred in construing Mr. Carroll's "Objection to Personal Jurisdiction" as a motion for reconsideration. We find no "manifest injustice" in dismissing Mr. Carroll after he failed to timely serve the Assistant Director Harleman and UPMC Pinnacle Lancaster, received notice of their Motion to dismiss by email, was afforded the opportunity to respond to their motion both in writing and at oral argument, and failed to present a factual or legal basis for denying their motion to dismiss. We further find we did not err in holding the student handbook does not constitute a contract, nor did we err in construing Mr. Carroll's "Objection to Personal Jurisdiction" as a motion for reconsideration.

**A.  We need not reconsider our dismissal of Mr. Carroll's claims against Assistant Director Harleman and UPMC Pinnacle Lancaster to avoid "manifest injustice."**

Mr. Carroll argues we unfairly dismissed his claims because Assistant Director Harleman and UPMC Pinnacle Lancaster did not properly serve their Motion to dismiss on him, depriving him of notice of the motion and an opportunity to respond to it. Although Mr. Carroll received notice of the motion through the electronic case filing system, he argues he never consented to service by email. We find Mr. Carroll consented to email service, received notice of the Motion to dismiss, and was afforded adequate opportunity to respond.

Mr. Carroll provided an address to the Court where he could be served when he filed this case. He twice filed notices of change in address.[85] But at some unknown later point, Mr. Carroll moved and decided not to inform the opposing parties or us of his new address. When we tried to send our orders to Mr. Carroll by mail, the Postal Service returned our orders as undeliverable. With no working address for Mr. Carroll, we ordered the Clerk of Court to add Mr. Carroll's confirmed email address to the docket on October 28, 2020 to allow Mr. Carroll to receive email notifications of filings.[86] The screenshots of Mr. Carroll's email account attached to his motion shows he has been receiving, though he sometimes fails to open, emails notifying him of all docket activity in his case since at least December 2020.[87] Mr. Carroll moved for permission to file documents on the electronic case filing system, which we granted on January 26, 2021.[88]

Under Local Rule 5.1.2.4 (b), "[u]pon the approval of the judge, a party to a case who is not represented by an attorney may register as an ECF Filing User in the ECF System solely for the purposes of the action . . . "[89] Registration as an ECF Filing User constitutes consent to receive and make electronic service by electronic case filing.[90] By the time Assistant Director Harleman and UPMC Pinnacle Lancaster moved to dismiss on February 16, 2021,[91] Mr. Carroll had consented to receiving service through the electronic case filing system by successfully petitioning us to allow him to use the electronic case filing system.

But even if Mr. Carroll had not consented to electronic service in early 2021 after first seeking this service in 2018 from Judge Leeson, he nevertheless had notice of the Motion to dismiss and an opportunity to be heard. When Mr. Carroll failed to respond to motion, we ordered him to appear for a pretrial conference and be prepared for oral argument on all pending

motions consistent with our Policies governing this case as we told Mr. Carroll in our February 11, 2021 Order.

We asked him to explain why he had failed to timely serve these defendants during oral argument. We listened to his explanation and considered it when drafting our Memorandum dismissing his claims. We then issued a seventeen-page Memorandum dismissing his claims. We did not dismiss based upon default because he failed to respond to the motion to dismiss. We instead found, after notice and opportunity to file a response and present oral argument, he did not provide good cause for his failure to timely serve the defendants and failed to state a breach of contract claim. We then even went a step further and granted Mr. Carroll leave to raise additional arguments he might have regarding his failure to timely serve in a motion for reconsideration. Mr. Carroll still provides no reasonable explanation for his failure to timely serve, and as discussed in more detail below, he does not present legal authority saving his breach of contract claim.

We do not find manifest injustice in dismissing Mr. Carroll's claims based on failure to serve when Mr. Carroll received notice of the Motion to dismiss, an opportunity to argue his motion, and an opportunity to raise additional arguments in a supplemental motion and still failed to establish good cause for his failure to serve the defendants or present legal authority saving his breach of contract claim.

**B.     The University's student handbook is not a contract.**

Even assuming we would grant Mr. Carroll yet another extension to provide the Marshal with an address for service of the May 6, 2019 second amended Complaint upon UPMC Pinnacle Lancaster and Assistant Director Harleman, we still find no possible claim for breach of contract

against these defendants based on the University's student handbook. Dismissal is warranted for failure to state a claim.

Mr. Carroll urges us to reconsider our finding the student handbook is not a contract and cites the underlying complaint and our Court of Appeals' opinion in *Borrell v. Bloomsburg University v. Arthur F. Richer*.[92] This argument is unavailing. Mr. Carroll does not plead a breach of contract claim against Assistant Director Harleman and UPMC Pinnacle Lancaster as a matter of law even if we granted him yet another extension to serve his second amended Complaint upon them.

Mr. Carroll misplaces his reliance on *Borrell* although, likes him, the case involved a student at a public university enrolled in the medical program including a training component run by a private hospital.[93] The private hospital required students participating in the clinical training program to take and pass a drug test.[94] Two documents memorialized the student's obligation to abide by the hospital's drug testing requirements: (1) the collaboration agreement between the hospital and the school, which made clear the hospital's policies – including its drug and alcohol policies – applied to participating students; and (2) the school's student handbook, which required students to "comply with the drug and alcohol policies and drug testing procedures as required by agencies affiliated with the Department of Nursing."[95] The student refused to take the drug test, and the director of the clinical program at the hospital dismissed her.[96] She tried to contact officials at the hospital and the school after the clinical program terminated her to request readmission to the program and now express willingness to submit to a drug test.[97] She then requested a formal hearing from the school to contest her termination.[98] The school denied both of her requests.[99] The disqualification from the clinic resulted in her not completing the program.[100]

The student sued officials at the hospital and school for, among other things, violating her right to due process and breaching the student handbook.[101] Judge Caputo dismissed her breach of contract claims, explaining, "Pennsylvania courts have 'declined to construe the student handbook of a public university as a contract between the public university and the student.'"[102] Judge Caputo allowed the student's due process claims to proceed to discovery. He later granted summary judgment in favor of the student against all defendants on her due process claims.[103]

Our Court of Appeals reviewed two questions: (1) whether the hospital officials were "state actors" and (2) whether one of the school official's could invoke qualified immunity.[104] Our Court of Appeals did not review or opine on Judge Caputo's dismissing the breach of contract claim.

Mr. Carroll's reliance on *Borrell* is misplaced as Judge Caputo's ruling with respect to whether a student handbook is a contract contradicts Mr. Carroll's position, and our Court of Appeals has not disturbed this ruling. Mr. Carroll does not offer other authority suggesting we erred in finding the student handbook of a public university is not a contract.

### C. We did not err in construing Mr. Carroll's "Objection to Personal Jurisdiction" as a motion for reconsideration.

Mr. Carroll argues we erred in construing his "objection to lack of personal jurisdiction" as a motion for reconsideration. He explains he filed an objection to lack of personal jurisdiction under Rule 12(b)(2) to extend his time to amend his pleading under Rule 15.[105] By construing his 'objection" as a motion for reconsideration, Mr. Carroll argues we prevented him from extending his time to amend his pleading.[106]

Mr. Carroll misunderstands the nature of Rule 12(b). Rule 12(b) provides instructions on how to present *defenses* to a claim. Mr. Carroll is the plaintiff in this action, and up to this point, none of the defendants have countersued him. Mr. Carroll has no claims against him and has no

14

basis to raise a defense under Rule 12(b).

### III. Conclusion

We deny Mr. Carroll's Motion for reconsideration of our March 9, 2021 Memorandum and Order (ECF Doc. No. 161) dismissing his claims against Assistant Director Harleman and UPMC Pinnacle Lancaster for failure to timely serve his second amended Complaint upon them after several extensions. He also fails to state a breach of contract claim. We also find no basis to reconsider our March 11, 2021 Order (ECF Doc. No. 166) construing his "Objection to Personal Jurisdiction" as a motion for reconsideration and denying the motion. Mr. Carroll's claims against Mr. Richardson and Ms. Austin continue to proceed through discovery under our March 9, 2021 Order.[107]

---

[1] ECF Doc. No. 83 at ¶ 4.

[2] *Id.* at ¶ 5.

[3] *Id.* at ¶ 6.

[4] *Id.*

[5] *Id.*

[6] *Id.* at ¶ 7.

[7] *Id.*

[8] *Id.*

[9] *Id.* at ¶ 9.

[10] *Id.*

[11] ECF Doc. No. 17-1 at 17.

[12] ECF Doc. No. 83 at ¶ 9.

15

[13] *Id*. at ¶ 10.

[14] *Id*. at ¶ 11.

[15] *Id*.

[16] *Id*.

[17] *Id*. at ¶ 13.

[18] *Id*. at ¶ 12; ECF Doc. No. 17-1 at 39.

[19] ECF Doc. No. 83 at ¶ 12.

[20] *Id.*

[21] *Id*. at ¶ 13.

[22] *Id*.

[23] *Id*.

[24] *Id*. at ¶ 14.

[25] *Id*.

[26] *Id*.

[27] *Id*.

[28] *Id*. at ¶ 15.

[29] *Id*.

[30] *Id*. at ¶ 16.

[31] *Id*.

[32] *Id*. at ¶ 17.

[33] ECF Doc. No. 3 at 2.

[34] *Id*. at 3.

[35] ECF Doc. No. 2.

[36] ECF Doc. No 11.

[37] ECF Doc. No 17.

[38] *Id.* at 1.

[39] ECF Doc. No. 46 at n1.

[40] ECF Doc. No. 51.

[41] ECF Doc. Nos. 52, 59.

[42] ECF Doc. No. 65.

[43] ECF Doc. No 66.

[44] ECF Doc. No 69.

[45] ECF Doc. No 74.

[46] ECF Doc. No. 77.

[47] ECF Doc. Nos. 81, 82.

[48] ECF Doc. No. 83.

[49] *Id.* at ¶¶ 38-44.

[50] ECF Doc. Nos. 86, 109, 144.

[51] ECF Doc. No. 109 at 15.

[52] ECF Doc. No. 83 at ¶ 1.

[53] ECF Doc. No. 84.

[54] *Id.* at ¶ 1.

[55] *Id.*

[56] ECF Doc. No. 93.

[57] ECF Doc. No. 94.

[58] ECF Doc. No. 96.

[59] *Id.*

[60] *Id.*

[61] *Id.*

[62] ECF Doc. No. 112.

---

[63] *Id*.

[64] ECF Doc. No. 113.

[65] ECF Doc. No. 115.

[66] *Id*. at 3-4.

[67] ECF Doc. No. 120.

[68] ECF Doc. No. 191 at 147.

[69] ECF Doc. No. 143.

[70] ECF Doc. No. 150.

[71] *See* ECF Doc. No. 158.

[72] ECF Doc. No. 152 at 9. Under Federal Rule of Civil Procedure 12(b)(5), "an action may be dismissed on the basis of insufficient service of process." *Martin v. OSHA*, No-15-4359, 2017 WL 1326212, at *2 (E.D. Pa. Apr. 11, 2017). "In resolving a motion under Rule 12(b)(5), the party making service has the burden of demonstrating its validity when an objection to service is made." *Id*. The plaintiff must show it served "the summons and complaint within the time allowed by Rule 4(m)." *Id.* (citing Fed. R. Civ. P. 4(c)(1)). Federal Rule of Civil Procedure 4(m) mandates we dismiss an action without prejudice if a defendant is not served within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). If the plaintiff shows good cause for the failure, we must extend the time for service for an appropriate period. *Id.*

In *Martin*, Judge Quinones granted the defendant's motion to dismiss for insufficient service of process under Rule 12(b)(5). *Martin*, 2017 WL 1326212, at *2. She explained, "[b]ecause the issue of improper service of process was timely raised by Defendants, Plaintiff bears the burden of demonstrating validity of service." *Id.*, at *3. The plaintiff neither responded to the defendant's motion, nor "made any effort to demonstrate that he properly served" a summons and complaint on the defendants "in the manner prescribed by Rule 4(m)." *Id.* She held, "[h]aving failed to meet his burden of establishing that service was proper, Plaintiff's claim must be dismissed." *Id.*

Like the plaintiff in *Martin*, Mr. Carroll neither responded to Assistant Director Harleman's and UPMC Pinnacle Lancaster's Motion to dismiss for failure to serve nor offered evidence he properly served to Assistant Director Harleman and UPMC Pinnacle Lancaster under Rule 4(m).

[73] ECF Doc. Nos. 155, 156.

[74] ECF Doc. No. 161.

[75] ECF Doc. No. 163.

[76] *Id.*

---

[77] ECF Doc. No. 166.

[78] *Id.*

[79] *Id.*

[80] *Id.*

[81] ECF Doc. No. 174.

[82] ECF Doc. No. 174 ¶ 1. We granted Mr. Carroll leave to move for reconsideration of our March 9, 2021 order by April 6, 2021. Mr. Carroll moved for reconsideration on April 13, 2021. He again failed to meet our court ordered deadline. Mr. Carroll's motion for reconsideration of our March 11, 2021 order is also untimely. Local Rule 7.1(g) provides, "Motions for reconsideration or reargument shall be served and filed within fourteen (14) days after the entry of the order concerned, other than those governed by Federal Rule of Civil Procedure 59(e)." Under Rule 59(e), "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Regardless of whether Mr. Carroll brings his motion under Local Rule 7.1 or Federal Rule of Civil Procedure 59(e), his motion is untimely because he filed it thirty-three days after we issued our Order.

Mr. Carroll argues his motion is timely because Federal Rule of Civil Procedure 6(d) "adds 3 more days to the expiration date of the said 28 days given by Rule 59(e) because service of the order was sent via email . . . and then on top of that service was subsequently effectuated via mail carrier service." ECF Doc.No.191 at 7. This argument is unavailing. Rule 6(d), formerly Rule 6(e), applies to deadlines triggered by service, not deadlines triggered by the entry of a court order. *Kabacinski v. Bostrom Seating, Inc.*, 98 Fed. App'x 78, 82 (2004). The periods for filing a motion for reconsideration under Local Rule 7.1(g) and Federal Rule of Civil Procedure 59(e) are both triggered by entry of a court judgment. *See* Local R. 7.1(g); Fed. R. Civ. P. 59(e).

[83] *Whitsitt v. Comcast-Spectacor, L.P.*, No. 11-7842, 2014 WL 3732131, *8 (E.D. Pa. July 28, 2014) (quoting *Douris v. Schweiker*, 229 F.Supp.2d 391, 408 (E.D. Pa. 2002)).

[84] *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

[85] *See e.g.,* ECF Doc. Nos. 61, 80.

[86] ECF Doc. No. 120.

[87] ECF Doc. No. 191 at 147.

[88] ECF Doc. No. 143.

[89] Local Rule 5.1.2.4(b).

[90] *Id.* 5.1.2.4(c).

[91] ECF Doc. No. 152.

[92] 870 F.3d 154 (3d Cir. 2017).

[93] *Id.* at 157

[94] *Id.* at 158.

[95] *Id.*

[96] *Id.*

[97] *Id.* at 159.

[98] *Id.*

[99] *Id.*

[100] *Id.*

[101] *Borrell v. Bloomsburg Univ.*, 955 F. Supp.2d 390 (M.D. Pa. 2013).

[102] *Id.* at 408 (quoting *Tran v. State Sys. Of Higher Educ.*, 986 A.2d 179, 183 (Pa. Cmmw. Ct. 2009)).

[103] *Borrell v. Bloomsburg Univ.*, 63 F. Supp. 3d 418 (MD. Pa. 2014), *vacated and remanded by* 870 F.3d 154.

[104] *Borrell*, 870 F.3d at 160.

[105] ECF Doc. No. 191 at 11.

[106] *Id.*

[107] ECF Doc. No. 160.